IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED

2007 OCT 11 A 10: 22

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

NANCY HENDERSON and THOMAS HENDERSON,

Plaintiffs

vs.

DALE CUNNINGHAM, GREYHOUND LINES, INC.

Defendants

CASE NO.: 3:07CV916-F

FROM THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA
CV-07-223

TO: THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA:

## NOTICE OF REMOVAL

COMES NOW the Defendant Greyhound Lines, Inc., and gives notice that this cause is hereby removed from the Circuit Court of Russell County, Alabama, to the United States District Court for the Middle District of Alabama. For its Notice of Removal, Greyhound Lines, Inc. shows unto this Court as follows:

1. This lawsuit is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

## I. RELEVANT PROCEDURAL FACTS

2. Plaintiff Nancy Henderson initiated this suit in the Circuit Court of Russell County, Alabama against Greyhound Lines, Inc. and Dale Cunningham. The case was assigned case number CV-07-223. Plaintiff effected service of the Complaint by certified mail upon Greyhound Lines, Inc. on September 27, 2007. No service has been effected


SCANNED
08/10/07

on Defendant Dale Cunningham . This notice is filed in the United States District Court for the Middle District of Alabama, within the time allowed by law for the removal of civil actions to the United States District Court. The documents attached hereto as Exhibit "A" constitute all the process, pleadings and orders served upon Greyhound Lines, Inc. in this action.

3. Plaintiff alleges she has suffered substantial damages in that she has suffered personal injuries and was caused to undergo medical treatment and/or incur medical expenses for the treatment of said injuries. She further alleges she may be caused to incur future medical expenses in the care and treatment of injuries allegedly suffered in this accident, including mental anguish. Additionally, Plaintiff alleges she suffered pain and suffering and loss of wages and earning capacity as a result of this accident. (Paragraph 13 of Plaintiff's Complaint, Exhibit A).

4. This action could have been filed in this Court pursuant to 28 U.S.C. § 1332 as complete diversity of citizenship exists between the properly joined parties in this cause and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

## II. THE CITIZENSHIP OF THE PARTIES

5. The Plaintiff is at the time of the institution of this civil action, a citizen and resident of the State of Alabama and/or is not a citizen of the State of Delaware, the State of Texas, or the State of Georgia. Defendant Dale Cunningham is at the time of the institution of this civil action, a citizen of the State of Georgia. Greyhound Lines, Inc. is and was at the time of the institution of this civil action, a corporation organized and existing under and by virtue of the laws of the State of Delaware, having its principal place of

business in Dallas, Texas. Greyhound Lines, Inc. is not now, and was not at the time of the filing of the Complaint, a citizen and resident of the State of Alabama within the meaning of the Acts of Congress relating to the removal of causes.

## III. THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

6. Plaintiff seeks compensatory and punitive damages alleging a tortious injury against the Defendant Greyhound Lines, Inc. by virtue of a bus accident involving a Greyhound Lines, Inc. bus on which the Plaintiff was allegedly a passenger. Plaintiff alleges that Defendant Greyhound Lines, Inc. negligently entrusted said bus to Defendant Dale Cunningham; that Defendant Greyhound Lines, Inc. negligently hired and supervised Defendant Dale Cunningham; that Defendant Dale Cunningham was negligent and/or wanton in the operation of the bus while acting in the scope of employment for Defendant Greyhound Lines, Inc. and as a proximate result thereof, Plaintiff suffered damages compensatory and punitive damages are claimed of both Defendants.

7. Although the *ad damnum* in Plaintiff's Complaint does not specify an amount, it is sufficient to establish diversity jurisdiction if there is a probability that the value of the matter in controversy exceeds the jurisdictional amount. *See Jeffries v. Silvercup Bakers, Inc.*, 434 F.2d 310 (7th Cir. 1970). The time to ascertain whether the jurisdictional amount exists is the time the Notice of Removal is filed. See *Ellis v. Logan Co.,* 543 F.Supp. 586 (W.D. Ky. 1982).

8. In diversity actions, state law governs substantive issues. *See Caster v. Hennessey*, 781 F.2d 1569 (11th Cir. 1986). As noticed above, it is well settled in numerous cases under Alabama law, that the Plaintiff's claims reasonably involve an

amount in controversy in excess of $75,000.00, exclusive of interest and costs.

9. Accordingly, the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See, e.g. Tapscott*, 77 F.3d at 1359 (11th Cir. 1996) (when Plaintiffs make an unspecified claim for damages, removing party need only show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional limit); *Holley Equip. Co. v. Credit Alliance Corp.,* 821 F.2d 1531, 1535 (11th Cir. 1987) ("when determining the jurisdictional amount in diversity cases, punitive damages must be considered."); *Swafford v. Transit Cas. Company,* 486 F. Supp. 175, 177 (N.D. Ga. 1980) ("it is clear that in determining the jurisdictional amount in controversy, punitive damages are to be counted.") *citing Bell v. Preferred Life Assurance Society,* 320 U.S. 238, 64 S. Ct. 5 (1943).

## IV. THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

10. A true copy of this Notice of Removal is filed with the Clerk of the Circuit Court of Russell County, Alabama as required by 28 U.S.C. § 1446(d). If any question arises as to the propriety of the removal of this action, Greyhound Lines, Inc. requests the opportunity to present a brief and oral argument in support of its position that this cause is removable and to conduct removal related discovery as appropriate. *See Williams v. Best Buy Co., Inc.*, 2001 WL 1244759 (11th Cir. 2001).

WHEREFORE, Defendant Greyhound Lines, Inc., desiring to remove this cause to the United States District Court for the Middle District of Alabama, being the district and division of said Court for the county in which said action is pending, prays that the filing of this Notice of Removal with the Clerk of the Circuit Court of Russell County, Alabama, shall

effect the removal of said suit to this Court.

Respectfully Submitted,

DONALD F. PIERCE (PIERD9277)
JOHN C.S. PIERCE (PIERJ0347)
D. KIRBY HOWARD (HOWD3177)
Attorneys for Greyhound Lines, Inc.

OF COUNSEL:

BUTLER PAPPAS WEIHMULLER KATZ CRAIG LLC
Post Office Box 16328
Mobile, Alabama 36616
(251) 338-3801 - telephone
(251) 338-3805 - facsimile

**CERTIFICATE OF SERVICE**

I hereby certify that I filed the foregoing with the Clerk of the Court and mailed by United States Postal Service, first class postage prepaid to the following:

Melissa B. Thomas, Esq.
P. O. Box 1028
Phenix City, AL 36868-1028

James R. McKoon, Jr., Esq.
P. O. Box 3220
Phenix City, AL 36868-3220

Dale Cunningham
517 Fond Du Lac Drive
Stone Mountain, Georgia 30088

Done this 9th day of October, 2007.

COUNSEL

cc: Kathy Coulter, Clerk
Circuit Court of Russell County, Alabama

State of Alabama
Unified Judicial System

Form ARCiv-93 Rev.5/99

# COVER SHEET
## CIRCUIT COURT – CIVIL CASE
(Not For Domestic Relations Cases)

Case Number: C V [ ] - [ ]

Date of Filing: Month Day Year

Judge Code:

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF RUSSELL, ALABAMA
(Name of County)

NANCY HENDERSON v. GREYHOUND LINES, INC.

Plaintiff / Defendant

First Plaintiff: ☐ Business ☑ Individual ☐ Government ☐ Other

First Defendant: ☑ Business ☐ Individual ☐ Government ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**

- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☑ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: ____________

**TORTS: PERSONAL INJURY**

- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**

- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**

- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN** (*check one*): F ☑ INITIAL FILING  A ☐ APPEAL FROM DISTRICT COURT  O ☐ OTHER: ____________

R ☐ REMANDED  T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO

**Note:** Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED ☐ NO MONETARY AWARD REQUESTED

ATTORNEY CODE: T H O 1 0 7

Date ____________

Melissa B. Thomas
Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:** ☐ YES ☑ NO ☐ UNDECIDED

FILED IN OFFICE
2007 SEP 19 AM 8:02
CIRCUIT/DIST. COURT
RUSSELL CO. AL

AVSO300

ALABAMA JUDICIAL DATA CENTER
RUSSELL COUNTY

SUMMONS

CV 2007 000223.00
ALBERT L. JOHNSON

IN THE CIRCUIT COURT OF RUSSELL COUNTY

NANCY HERNDERSON, ET AL VS GREYHOUND LINS, INC., ET AL

SERVE ON: (D001)

GREYHOUND LINES INC
% THE CORPORATION CO
2000 INTERS PK DR STE 204
MONTGOMERY ,AL 36109-0000

PLAINTIFF`S ATTORNEY

THOMAS MELISSA BLANCH
POST OFFICE BOX 1028
PHENIX CITY ,AL 36868-1028

TO THE ABOVE NAMED DEFENDANT:

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS, YOU OR YOUR ATTORNEY ARE REQUIRED TO MAIL OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT TO THE PLAINTIFFS ATTORNEY(S) SHOWN ABOVE OR ATTACHED:

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGEMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE COURT BELOW.

( ) TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY EITHER RULES 4.1(B)(2) OR 4.2(B)(2) OR 4.4(B)(2) OF THE ALABAMA RULES OF CIVIL PROCEDURE: YOU ARE HEREBY COMMANDED TO SERVE THIS SUMMONS AND A COPY OF THE COMPLAINT IN THIS ACTION UPON DEFENDANT.

(X) THIS SERVICE BY CERTIFIED MAIL OF THIS SUMMONS IS INITIATED UPON THE WRITTEN REQUEST OF Plaintiff PURSUANT TO RULE 4.1(C) OF THE ALABAMA RULES OF CIVIL PROCEDURE.

DATE: 09/21/2007

CLERK:KATHY COULTER BY: [signature]
PO BOX 518
PHENIX CITY AL 36868-0510
(334)298-0516

RETURN ON SERVICE:

( ) CERTIFIED MAIL RETURN RECEIPT IN THIS OFFICE ON (DATE) ______
(RETURN RECEIPT HERETO ATTACHED)

( ) I CERTIFY THAT I PERSONALLY DELIVERED A COPY OF THE SUMMONS AND

COMPLAINT TO ______

IN ______ COUNTY, ALABAMA ON (DATE) ______

______ DATE

______ SERVER SIGNATURE

______ SERVER ADDRESS

______ TYPE OF PROCESS SERVER

OPERATOR: JBC
PREPARED: 09/21/2007

| | | |
|---|---|---|
| **NANCY HENDERSON and THOMAS HENDERSON,** | ) | **IN THE CIRCUIT COURT OF** |
| **Plaintiffs,** | ) | **RUSSELL COUNTY, ALABAMA** |
| **vs.** | ) | **CASE NO.: CV-07-** 223 |
| **GREYHOUND LINES, INC., DALE CUNNINGHAM, and Fictitious Defendants A, B, and C, the person, firm or corporation who employed the Defendants at the time of the incident made the basis of this action; all whose legal names and address are presently unknown to the Plaintiffs, but will be substituted by amendment when ascertained, separately and severally,** | ) | |
| **Defendants.** | ) | |

FILED IN OFFICE
2007 SEP 19 AM 8:01
CIRCUIT/DIST. COURT
RUSSELL CO. AL

## COMPLAINT

**COME NOW** the Plaintiffs, Nancy Henderson and Thomas Henderson, and files the following claim for relief against Defendants, Dale Cunningham, Greyhound Lines, Inc., and Fictitious Defendants A, B, and C as follows:

## PARTIES

1. The Plaintiff, Nancy Henderson, is and was at all times relevant to this action over the age of nineteen years and a resident of the State of Alabama.

2. The Plaintiff, Thomas Henderson, is and was at all times relevant to this action over the age of nineteen years and a resident of the State of Alabama. Further, that Plaintiff, Thomas Henderson, is and was at all times relevant to this action the spouse of Plaintiff, Nancy Henderson.

3. The Defendant, Greyhound Lines, Inc., is and was at all times relevant to this action a business believed to be doing business in Russell County, Alabama.

4. The Defendant, Dale Cunningham, is and was at all times relevant to this action an individual believed to be a resident of Stone Mountain, Georgia, but who was operating a passenger bus in Russell County, Alabama at the time of the incident made the basis of this action on October 3, 2005.

5. Fictitious Defendants A, B, and C, whether singular or plural, is that person, firm, corporation, or other entity who employed the Defendants at the time of the incident made the basis of this action.

## FACTS

6. On or about the 3rd day of October, 2005, the Defendant, Dale Cunningham, was operating a passenger bus at the intersection of U.S. Highway 280/431 North and U.S. Highway 80 in Russell County, Alabama.

7. On or about the 3rd day of October, 2005, the Plaintiff, Nancy Henderson, was operating a motor vehicle at the intersection of U.S. Highway 280/431 North and U.S. Highway 80 in Russell County, Alabama.

8. On or about the 3rd day of October, 2005, the Defendant, Dale Cunningham, was employed by Greyhound Lines, Inc., and /or Fictitious Defendants A, B, and C.

9. On or about the 3rd day of October, 2005, the Defendant, Dale Cunningham, was acting within the line and scope of his employment during the incident made the basis of this action.

10. On or about the 3rd day of October, 2005, the Defendant, Dale Cunningham, caused and/or allowed the passenger bus he was operating to collide with the motor vehicle driven by the Plaintiff, Nancy Henderson.

**COUNT I**

11. The Plaintiff, Nancy Henderson, realleges and reasserts herein by reference each and every material allegation contained in Paragraphs 1 through 10, and further alleges against Defendants, Dale Cunningham, Greyhound Lines, Inc., and Fictitious Defendants A, B, and C as follows:

12. On or about the 3rd day of October, 2005, the Defendant, Dale Cunningham, negligently caused and/or allowed the passenger bus he was operating to collide with a motor vehicle occupied by the Plaintiff, Nancy Henderson.

13. As a proximate consequence of the negligence of Defendants, Dale Cunningham, Greyhound Lines, Inc., and Fictitious Defendants A, B, and C, the Plaintiff, Nancy Henderson, was caused to suffer the following injuries and damages:

a. her body was bruised and battered all over;

b. she was caused to undergo medical procedures, has incurred and currently continues to incur medical expenses and may incur the same in the future;

c. she suffered mental anguish and depression as a result of the accident and been required to seek medical care and treatment for said mental anguish; and

d. she has lost time from her work and has suffered a loss of income as a result of the accident.

**WHEREFORE,** Plaintiff demands judgment for compensatory damages plus costs against Defendants, Dale Cunningham, Greyhound Lines, Inc., and Fictitious Defendants A, B, and C, in such amounts as may be determined by the jury, plus interest and costs, within the jurisdictional limits of this Court.

**COUNT II**

14. The Plaintiff, Nancy Henderson, realleges and reasserts herein by reference each and every material allegation contained in Paragraphs 1 through 13, and further alleges against Defendants, Dale Cunningham, Greyhound Lines, Inc., and Fictitious Defendants A, B, and C as follows:

15. On or about the 3rd day of October, 2005, the Defendant, Dale Cunningham, wantonly caused or allowed the passenger bus he was operating to collide with a motor vehicle occupied by the Plaintiff, Nancy Henderson.

16. As a proximate consequence of the negligence of Defendants, Dale Cunningham, Greyhound Lines, Inc., and Fictitious Defendants A, B, and C, the Plaintiff, Nancy Henderson, was caused to suffer the following injuries and damages:

a. her body was bruised and battered all over;

b. she was caused to undergo medical procedures, has incurred and currently continues to incur medical expenses and may incur the same in the future;

c. she suffered mental anguish and depression as a result of the accident and been required to seek medical care and treatment for said mental anguish; and

d. she has lost time from her work and has suffered a loss of income as a result of the accident.

**WHEREFORE,** Plaintiff demands judgment for compensatory and punitive damages plus costs against Defendants, Dale Cunningham, Greyhound Lines, Inc., and Fictitious Defendants A, B, and C, in such amounts as may be determined by the jury, plus interest and costs, within the jurisdictional limits of this Court.

**COUNT III**

17. The Plaintiff, Nancy Henderson, realleges and reasserts herein by reference each and every material allegation contained in Paragraphs 1 through 16, and further alleges against Defendants, Dale Cunningham, Greyhound Lines, Inc., and Fictitious Defendants A, B, and C as follows:

18. The Defendants, Greyhound Lines, Inc., and/or Fictitious Defendants A, B, and C, negligently and/or wantonly hired, supervised, trained, and retained the Defendant, Dale Cunningham.

19. As a proximate cause of the negligence and/or wantonness of the Defendant Greyhound Lines, Inc. and/or Fictitious Defendants A, B, and C, the Plaintiff, Nancy Henderson, suffered personal injuries resulting in medical expenses, pain and suffering and mental anguish.

**WHEREFORE,** Plaintiff demands judgment for compensatory and punitive damages plus costs against Defendants, Dale Cunningham, Greyhound Lines, Inc., and Fictitious Defendants A, B, and C, in such amounts as may be determined by the jury, plus interest and costs, within the jurisdictional limits of this Court.

**COUNT IV**

20. The Plaintiff, Thomas Henderson, realleges and reasserts herein by reference each and every material allegation contained in Paragraphs 1 through 19, and further alleges against Defendants, Dale Cunningham, Greyhound Lines, Inc., and Fictitious Defendants A, B, and C as follows:

21. As a proximate result of the negligence and/or wantonness of Defendants, Dale Cunningham, Greyhound Lines, Inc., and Fictitious Defendants A, B, and C, the

Plaintiff was caused to lose the consortium and society of the Plaintiff's spouse, Nancy Henderson.

**WHEREFORE,** Plaintiff demands judgment for compensatory and punitive damages plus costs against Defendants, Dale Cunningham, Greyhound Lines, Inc., and Fictitious Defendants A, B, and C, in such amounts as may be determined by the jury, plus interest and costs, within the jurisdictional limits of this Court.

**MELISSA B. THOMAS (THO107)**
**Attorney for Plaintiffs**
**P. O. Box 1028**
**Phenix City, AL 36868-1028**
**(334) 297-8300**

**JAMES R. McKOON, Jr. (MCK020)**
**Attorney for Plaintiffs**
**P. O. Box 3220**
**Phenix City, AL 36868-3220**
**(334) 297-2300**

**<u>JURY DEMAND</u>**

**PLAINTIFFS HEREBY DEMAND A TRIAL BY STRUCK JURY.**

**MELISSA B. THOMAS (THO107)**
**Attorney for Plaintiffs**

FILED IN OFFICE
2007 SEP 19 AM 8:01
CIRCUIT/DIST. COURT
RUSSELL CO. AL

PLEASE SERVE DEFENDANTS AS FOLLOWS:

GREYHOUND LINES, INC.
c/o The Corporation Company
2000 Interstate Park Drive, Ste. 204
Montgomery, AL 36109

DALE CUNNINGHAM
517 Fond Du Lac Drive
Stone Mountain, GA 30088



Kathy Coulter, Clerk
P.O. Box 518
Phenix City, AL 36868-0518

CERTIFIED MAIL™

7006 2150 0003 8984 9246

RETURN RECEIPT REQUESTED

UNITED STATES POSTAL SERVICE

0000

36109

U.S. POSTAGE
PAID
PHENIX CITY, AL
36867
SEP 26, '07
AMOUNT
$5.38
00087024-03

Greyhound Lines, Inc
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36109

36109+3420-54 C092

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

NANCY HENDERSON and THOMAS HENDERSON,

Plaintiffs

vs. CASE NO.: CV-07-223

DALE CUNNINGHAM, GREYHOUND

Defendants

**NOTICE TO CIRCUIT COURT OF RUSSELL COUNTY OF REMOVAL**

TO: Kathy Coulter, Clerk
Circuit Court of Russell County
Russell County Courthouse
Phenix City, AL 36868-0518

There is hereby filed with you a copy of the Notice of Removal of Greyhound Lines, Inc. in the case styled *Nancy Henderson, et al. v. Dale Cunningham, et al.*, Civil Action No. CV-07-223, designed to remove that action to the United States District Court for the Middle District of Alabama. The Notice of Removal was filed in the United States District Court for the Middle District of Alabama on the 10th day of October, 2007.

Written notice of the filing of said Notice of Removal was given to the attorney of record for Plaintiff herein by service effective October 10, 2007, and you are hereby notified that the filing of a copy of the aforesaid Notice with you as Clerk of the Circuit Court of Russell County, Alabama, effects removal of said cause to the United States District Court.

Respectfully Submitted,

DONALD F. PIERCE (PIE004)
JOHN C.S. PIERCE (PIE009)
D. KIRBY HOWARD (HOW071)
Attorneys for Greyhound Lines, Inc.

OF COUNSEL:

BUTLER PAPPAS WEIHMULLER KATZ CRAIG LLC
Post Office Box 16328
Mobile, Alabama 36616
(251) 338-3801 - telephone
(251) 338-3805 - facsimile

**CERTIFICATE OF SERVICE**

I hereby certify that I filed the foregoing with the Clerk of the Court and mailed by United States Postal Service, first class postage prepaid to the following:

Melissa B. Thomas, Esq.
P. O. Box 1028
Phenix City, AL 36868-1028

James R. McKoon, Jr., Esq.
P. O. Box 3220
Phenix City, AL 36868-3220

Dale Cunningham
517 Fond Du Lac Drive
Stone Mountain, Georgia 30088

Done this 9th day of October, 2007.

COUNSEL

Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602000712
Cashier ID: kalandra
Transaction Date: 10/11/2007
Payer Name: BUTLER PAPPAS WEIHMULLER ET AL

---

CIVIL FILING FEE
For: BUTLER PAPPAS WEIHMULLER ET AL
Case/Party: D-ALM-3-07-CV-000916-001
Amount: $350.00

---

CHECK
Check/Money Order Num: 371722
Amt Tendered: $350.00

---

Total Due: $350.00
Total Tendered: $350.00
Change Amt: $0.00

Henderson et al v. Greyhound Lines, Inc. et al