IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| NANCY HENDERSON and THOMAS HENDERSON, | * * * | |
| Plaintiffs | * * | |
| vs. | * | CASE NO.: 3:07 cv916MEF |
| DALE CUNNINGHAM, GREYHOUND LINES, INC. | * * * | |
| Defendants | * | |

## ANSWER

COMES NOW Defendants, Greyhound Lines, Inc., and in response to Plaintiffs' Complaint states as follows:

## PARTIES

1-2.  Defendant lacks sufficient knowledge or information to form a belief as to the allegations of paragraphs 1 through 2 of Plaintiffs' Complaint, and therefore respectfully denies the same and demands strict proof thereof.

3-4.  Admitted for jurisdictional purposes only.

5.  Defendant respectfully denies the allegations contained in paragraph 5 of Plaintiffs' Complaint and demands strict proof thereof.

## FACTS

6-8.  Defendant lacks sufficient knowledge or information to form a belief as to the allegations of paragraphs 6 through 8 of Plaintiffs' Complaint, and therefore respectfully denies the same and demands strict proof thereof.

9-10.  Defendant respectfully denies the allegations contained in paragraphs 9 and

10 of Plaintiffs' Complaint and demands strict proof thereof.

## COUNT I

11.    Defendant adopts and incorporates by reference the responses to the allegations contained in paragraphs 1 through 10 above as if fully set forth herein.

12-13.  Defendant respectfully denies the allegations contained in paragraphs 12 and 13 of Plaintiffs' Complaint, including all sub-parts therein, and demands strict proof thereof.

## COUNT II

14.    Defendant adopts and incorporates by reference the responses to the allegations contained in paragraphs 1 through 13 above as if fully set forth herein.

15-16.  Defendant respectfully denies the allegations contained in paragraphs 15 and 16 of Plaintiffs' Complaint, including all sub-parts therein, and demands strict proof thereof.

## COUNT III

17.    Defendant adopts and incorporates by reference the responses to the allegations contained in paragraphs 1 through 16 above as if fully set forth herein.

18-19.  Defendant respectfully denies the allegations contained in paragraphs 18 and 19 of Plaintiffs' Complaint and demands strict proof thereof.

## COUNT IV

20.    Defendant adopts and incorporates by reference the responses to the allegations contained in paragraphs 1 through 19 above as if fully set forth herein.

21.    Defendant respectfully denies the allegations contained in paragraphs 21 of

Plaintiffs' Complaint and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

1. Defendant respectfully denies every paragraph and allegation not specifically admitted herein and demands strict proof thereof.

2. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

3. Plaintiff's claims are barred in whole or in part due to intervening, superceding causes.

4. Plaintiff's claims are barred in whole or in part due to lack of proximate causation.

5. Plaintiff's claims are barred in whole or in part due to the acts or omissions of a third party.

6. Any damages with respect to which a claim is asserted against Defendant results from events other than any alleged acts or omissions of Defendant.

7. Plaintiff's claims are barred due to failure to mitigate damages.

8. Plaintiff's claims are or may be subject to further defenses of statute of limitations, improper venue, set-off; waiver, laches, estoppel, mistake, and absence of duty.

9. Plaintiff's claims are barred in whole or in part due to contributory negligence and assumption of risk.

10. The accident was caused by the conduct of third persons or parties over whom this Defendant had no direction or control; hence, Plaintiff cannot recover against this Defendant.

11. The injuries and losses allegedly sustained by Plaintiff were caused in whole or in part by the conduct of one or more other persons or entities for whose conduct this Defendant is not responsible.

12. As to those damages claimed by Plaintiff that have been or will be replaced or indemnified, in whole or in part, from a collateral source, Defendant claims the benefit of all applicable statutes and law allowing for such indemnification.

13. Defendant disputes the nature and amount of Plaintiff's alleged damages.

14. The Complaint fails to state a claim for which punitive damages can be recovered. Defendant further denies that Plaintiff is entitled to recover punitive damages against Defendant.

15. The imposition of punitive damages in this case would violate the Due Process Clause of Amendment V and XIV to the United States Constitution and the applicable state Constitution because the imposition of punitive damages would violate the Defendant's right to substantive due process.

16. Plaintiff seeks punitive damages in violation of the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments, jointly and separately, of the Constitution of the United States and applicable state Constitution in each of the following separate and several ways:

   a. It is a violation of the due process clause to impose punitive damages, which are penal in nature, upon a civil defendant upon the plaintiff's satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

   b. There are no specific standards provided upon which to base an award of punitive damages against this Defendant.

   c. There are no provisions for clear and consistent appellate standards of

4

       review of any award of punitive damages against this Defendant.

d.    The standards of conduct upon which punitive damages are sought against this Defendant are vague and ambiguous.

e.    The procedures to be followed fail to provide a meaningful opportunity for challenging the excessiveness of such awards.

f.    Applicable law permits the imposition of punitive damages which are vastly disproportionate to any actual or compensatory injury.

g.    The award of punitive damages would constitute an arbitrary and capricious taking of the property of this Defendant which is unjustified by any rational governmental interest.

h.    The present procedures fail to provide a reasonable limit on the amount of any punitive damages award, thus violating the 14th Amendment of the U.S. Constitution.

i.    The law and procedures to be followed fail to provide a meaningful opportunity for challenging the excessiveness of such awards.

j.    The award of punitive damages without sufficiently objective and specific standards to guide the jury's discretion is inconsistent with due process under the 14th Amendment of the U.S. Constitution.

k.    Applicable law permits joint and several punishment of defendants who are guilty of different acts and degrees of culpability.

17.    The imposition of punitive damages under applicable law is arbitrary and capricious inasmuch as there are no standards for fair and objective calculation of such damages and as the same are penal in nature, Plaintiff must show entitlement to the same by evidence beyond a reasonable doubt; further imposition of punitive damages under applicable law is contrary to the Due Process and Equal Protection clauses of both the Constitution of the United States of America and of the applicable and that imposition of punitive damages under applicable law is arbitrary and capricious leading to "grossly excessive" punitive damage awards inasmuch as the jury is provided neither guideline in

5

reaching some ratio between compensatory and punitive damages nor some rational relation between the defendant's alleged conduct and the legitimate interest of the State to punish unlawful conduct and deter its repetition. *BMW of North America v. Gore*, 116 S. Ct. 1589 (1996).

18.     Notions of judicial fairness, Due Process and constitutional jurisprudence dictate that a person receive fair notice of not only the conduct that will subject him to punishment but also the severity of the penalty that a State may impose. This State provided no such notice to defendant leading to "grossly excessive" punitive damages awards that violate the United States Constitution and its amendments. *BMW of North America v. Gore*, 116 S. Ct. 1589 (1996).

19.     Defendant asserts that the claim for a jury determination of punitive damages is due to be stricken, as such determination is not a finding of "fact" which falls within the province of the jury. *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001).

Defendant reserves the right to add additional defenses as appropriate.

Respectfully Submitted,

s/ D. Kirby Howard, Jr.
DONALD F. PIERCE   (PIERD9277)
JOHN C.S. PIERCE    (PIERJ0347)
D. KIRBY HOWARD, JR. (HOWD3177)
Attorneys for Greyhound Lines, Inc.

OF COUNSEL:

BUTLER PAPPAS WEIHMULLER KATZ CRAIG LLC
Post Office Box 16328
Mobile, Alabama 36616
(251) 338-3801 - telephone
(251) 338-3805 - facsimile

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    Melissa B. Thomas, Esq.
    P. O. Box 1028
    Phenix City, AL 36868-1028

    James R. McKoon, Jr., Esq.
    P. O. Box 3220
    Phenix City, AL 36868-3220

    Dale Cunningham
    517 Fond Du Lac Drive
    Stone Mountain, Georgia 30088

    Done this 15th day of October, 2007.

                                                  s/ D. Kirby Howard, Jr.
                                                  COUNSEL