IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| NANCY HENDERSON and THOMAS HENDERSON, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | CASE NO.: 3:07cv916-MEF |
| GREYHOUNDS LINES, INC., et al., | ) ) ) | |
| Defendants | ) ) | |
| MARRLINA BOLDEN, | ) ) | |
| Plaintiff | ) ) | |
| vs. | ) ) | CASE NO.: 3:07cv917-MEF |
| DALE CUNNINGHAM, GREYHOUND LINES, INC. | ) ) ) | |
| Defendants | ) ) | |
| BON KIEU, | ) ) | |
| Plaintiff | ) ) | |
| vs. | ) ) | CASE NO.: 3:07cv1020-MEF |
| DALE CUNNINGHAM, et al., | ) ) ) | |
| Defendants | ) | |

## AMENDED ANSWER

COME NOW Defendants, Greyhound Lines, Inc. and Dale Cunningham, and amend the Answer filed in response to the Plaintiff Marrlina Bolden's Complaint by formally

answering on behalf of Defendant Dale Cunningham.

## PARTIES

1-2.   Defendants lack sufficient knowledge or information to form a belief as to the allegations of paragraphs 1 through 2 of Plaintiff's Complaint, and therefore respectfully deny the same and demand strict proof thereof.

3-4.   Admitted for jurisdictional purposes only.

5.   Defendants respectfully deny the allegations contained in paragraph 5 of Plaintiff's Complaint and demand strict proof thereof.

## FACTS

6-8.   Defendants lack sufficient knowledge or information to form a belief as to the allegations of paragraphs 6 through 8 of Plaintiff's Complaint, and therefore respectfully deny the same and demand strict proof thereof.

9-10.   Defendants respectfully deny the allegations contained in paragraphs 9 and 10 of Plaintiff's Complaint and demand strict proof thereof.

## COUNT I

11.   Defendants adopt and incorporate by reference the responses to the allegations contained in paragraphs 1 through 10 above as if fully set forth herein.

12-13.   Defendants respectfully deny the allegations contained in paragraphs 12 and 13 of Plaintiff's Complaint, including all sub-parts therein, and demand strict proof thereof.

## COUNT II

14.   Defendants adopt and incorporate by reference the responses to the allegations contained in paragraphs 1 through 13 above as if fully set forth herein.

15-16. Defendants respectfully deny the allegations contained in paragraphs 15 and 16 of Plaintiff's Complaint, including all sub-parts therein, and demand strict proof thereof.

## COUNT III

17. Defendants adopt and incorporate by reference the responses to the allegations contained in paragraphs 1 through 16 above as if fully set forth herein.

18-19. Defendants respectfully deny the allegations contained in paragraphs 18 and 19 of Plaintiff's Complaint and demand strict proof thereof.

## COUNT IV

20. Defendants adopt and incorporate by reference the responses to the allegations contained in paragraphs 1 through 19 above as if fully set forth herein.

21. Defendants respectfully deny the allegations contained in paragraphs 21 of Plaintiff's Complaint and demand strict proof thereof.

## AFFIRMATIVE DEFENSES

1. Defendants respectfully deny every paragraph and allegation not specifically admitted herein and demand strict proof thereof.

2. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

3. Plaintiff's claims are barred in whole or in part due to intervening, superceding causes.

4. Plaintiff's claims are barred in whole or in part due to lack of proximate causation.

5. Plaintiff's claims are barred in whole or in part due to the acts or omissions of a third party.

6. Any damages with respect to which a claim is asserted against Defendants result from events other than any alleged acts or omissions of Defendants.

7. Plaintiff's claims are barred due to failure to mitigate damages.

8. Plaintiff's claims are or may be subject to further defenses of statute of limitations, improper venue, set-off; waiver, laches, estoppel, mistake, and absence of duty.

9. Plaintiff's claims are barred in whole or in part due to contributory negligence and assumption of risk.

10. The accident was caused by the conduct of third persons or parties over whom these Defendants had no direction or control; hence, Plaintiff cannot recover against these Defendants.

11. The injuries and losses allegedly sustained by Plaintiff were caused in whole or in part by the conduct of one or more other persons or entities for whose conduct these Defendants are not responsible.

12. As to those damages claimed by Plaintiff that have been or will be replaced or indemnified, in whole or in part, from a collateral source, Defendants claim the benefit of all applicable statutes and law allowing for such indemnification.

13. Defendants dispute the nature and amount of Plaintiff's alleged damages.

14. The Complaint fails to state a claim for which punitive damages can be recovered. Defendants further deny that Plaintiff is entitled to recover punitive damages against Defendants.

15. The imposition of punitive damages in this case would violate the Due Process Clause of Amendment V and XIV to the United States Constitution and the

applicable state Constitution because the imposition of punitive damages would violate the Defendants' right to substantive due process.

16.  Plaintiff seeks punitive damages in violation of the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments, jointly and separately, of the Constitution of the United States and applicable state Constitution in each of the following separate and several ways:

- a. It is a violation of the due process clause to impose punitive damages, which are penal in nature, upon a civil defendant upon the plaintiff's satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

- b. There are no specific standards provided upon which to base an award of punitive damages against these Defendants.

- c. There are no provisions for clear and consistent appellate standards of review of any award of punitive damages against these Defendants.

- d. The standards of conduct upon which punitive damages are sought against these Defendants are vague and ambiguous.

- e. The procedures to be followed fail to provide a meaningful opportunity for challenging the excessiveness of such awards.

- f. Applicable law permits the imposition of punitive damages which are vastly disproportionate to any actual or compensatory injury.

- g. The award of punitive damages would constitute an arbitrary and capricious taking of the property of these Defendants which is unjustified by any rational governmental interest.

- h. The present procedures fail to provide a reasonable limit on the amount of any punitive damages award, thus violating the 14th Amendment of the U.S. Constitution.

- i. The law and procedures to be followed fail to provide a meaningful opportunity for challenging the excessiveness of such awards.

- j. The award of punitive damages without sufficiently objective and

5

specific standards to guide the jury's discretion is inconsistent with due process under the 14th Amendment of the U.S. Constitution.

k.  Applicable law permits joint and several punishment of defendants who are guilty of different acts and degrees of culpability.

17. The imposition of punitive damages under applicable law is arbitrary and capricious inasmuch as there are no standards for fair and objective calculation of such damages and as the same are penal in nature, Plaintiff must show entitlement to the same by evidence beyond a reasonable doubt; further imposition of punitive damages under applicable law is contrary to the Due Process and Equal Protection clauses of both the Constitution of the United States of America and of the applicable and that imposition of punitive damages under applicable law is arbitrary and capricious leading to "grossly excessive" punitive damage awards inasmuch as the jury is provided neither guideline in reaching some ratio between compensatory and punitive damages nor some rational relation between the defendant's alleged conduct and the legitimate interest of the State to punish unlawful conduct and deter its repetition. *BMW of North America v. Gore*, 116 S. Ct. 1589 (1996).

18. Notions of judicial fairness, Due Process and constitutional jurisprudence dictate that a person receive fair notice of not only the conduct that will subject him to punishment but also the severity of the penalty that a State may impose. This State provided no such notice to defendant leading to "grossly excessive" punitive damages awards that violate the United States Constitution and its amendments. *BMW of North America v. Gore*, 116 S. Ct. 1589 (1996).

19. Defendants assert that the claim for a jury determination of punitive damages is due to be stricken, as such determination is not a finding of "fact" which falls within the

6

province of the jury. *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001).

Defendants reserve the right to add additional defenses as appropriate.

Respectfully Submitted,

/s/ D. KIRBY HOWARD, JR.
DONALD F. PIERCE (PIERD9277)
JOHN C.S. PIERCE  (PIERJ0347)
D. KIRBY HOWARD, JR. (HOWD3177)
Attorneys for Greyhound Lines, Inc.
and Dale Cunningham

OF COUNSEL:

BUTLER PAPPAS WEIHMULLER KATZ CRAIG LLC
Post Office Box 16328
Mobile, Alabama  36616
(251) 338-3801 - telephone
(251) 338-3805 - facsimile

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Melissa B. Thomas, Esq.
P. O. Box 1028
Phenix City, AL 36868-1028

James R. McKoon, Jr., Esq.
P. O. Box 3220
Phenix City, AL 36868-3220

William J. Benton, Jr., Esq.
P. O. Box 2850
Phenix City, AL 36867

Michael P. Windom, Esq.
Windom & Tobias, LLC
P. O. Box 2626
Mobile, AL 36601

R. Brent Cueria, Esq.
700 Camp Street, Suite 316
New Orleans, Louisiana 70130

Michael P. Windom, Esq.
Windom & Tobias, LLC
P. O. Box 2626
Mobile, AL 36601

Done this 10th day of January, 2008.

                                                    /s/ D. Kirby Howard, Jr.
                                                  COUNSEL